UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY M. DAVIDSON,

    Plaintiff,

vs.    Case No. 13-13720

JPMORGAN CHASE BANK, N.A.,    HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (Doc. 8) AND DISMISSING CASE**[1]

## I. INTRODUCTION

This is another one of many cases in this district challenging foreclosure proceedings. Plaintiff Kimberly Davidson ("Davidson") asserts multiple claims against defendant JPMorgan Chase Bank, N.A. ("Chase"), as follows:

| | |
|---|---|
| Count I | Breach of Contract |
| Count II | Breach of Unilateral Contract |
| Count III | Fraud in the Inducement |
| Count IV | Reformation of Mortgage |
| Count V | Equitable Mortgage |
| Count VI | Equitable Estoppel |
| Count VII | Promissory Estoppel |
| Count VIII | Breach of Covenant of Good Faith and Fair Dealing |

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    Count IX:     Specific Performance

    Count X:     Relief from Sheriff Sale and/or Set Aside Foreclosure

    Count XI:    Declaratory and Injunctive Relief Against Defendant

Now before the Court is Chase's motion for summary judgment (Doc. 8). For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

## II. BACKGROUND

On March 29, 2004, Davidson and her husband obtained a $153,000 loan from Washtington Mutual Bank, FA ("WaMu") to finance the purchase of a home located at 8224 Sanford, Westland, MI 48185. To secure payment of the loan, Davidson granted a mortgage to WaMu. The mortgage was recorded with the Wayne County Register of Deeds, Liber 40406, Page 436.

WaMu assigned the mortgage to Chase. The assignment was recorded with the Wayne County Register of Deeds, Liber 49857, Page 134.

Davidson and her husband defaulted on the loan in 2010. Notices of default were sent to Davidson by Chase from 2010 through 2012 when foreclosure proceedings were initiated.

In April, 2012, Davidson requested a modification of her loan. Chase placed Davidson on a trial period payment plan requiring her to make three payments of $942.69 from May 1, 2012 through July 1, 2012. Davidson made these payments and an additional payment in August, 2012 during which time the terms of a permanent modification of the loan were being finalized.

On August 6, 2012, Chase sent Davidson a letter informing her that she was eligible for a permanent modification. The letter stated, in pertinent part:

> **To accept this offer for a permanent mortgage modification:**
>
> - **Sign and send** both copies of the Modification Agreement to us in the enclosed, pre-paid envelope by August 17, 2012.  If you do not send us both signed copies of the agreement by the deadline, the Modification Agreement will be cancelled and you must contact us if you still wish to be considered for this program and have your loan modified.
>
> - If the last page of the Modification Agreement has a space for a notary public to sign, you must sign both copies with a notary public present and return the notarized copies to us.  We encourage you to make a copy of all documents for your records.
>
> **Important!**  Please be sure to send both copies of your signed Modification Agreement to us and have a notary public witness your signature if needed.  If we don't receive both agreements, or if both agreements aren't complete, it will delay your modification.

(Doc. 9-7 at 1) (emphasis in original).

Davidson did not sign and return to Chase the copies of the Modification Agreement by August 17.  Instead, in September 2012, Davidson paid the amount contemplated by the Modification Agreement if the agreement was accepted–$493.06.  Davidson says that, while the letter from Chase stated that she must sign and return the copies of the Modification Agreement to accept its terms, a prior letter from Chase did not require her to do so.  Davidson relies on a letter sent by Chase in August, 2012 stating: "If you decide to accept the offer, the terms of your modified Loan will have the following changes effective with your first modified payment due on September 01, 2012. . . ."  (Doc. 11-2 at 1).  Davidson took this to mean that all she had to do was submit a modified payment by September 1 to accept the Modification Agreement.  However, the letter also referred Davidson to the "final modification agreement enclosed as part of the offer materials for

complete terms and conditions of your modified loan." *Id.*

Davidson submitted signed and notarized copies of the Modification Agreement to Chase on September 25, 2012. On September 26, 2012 Chase sent a letter to Davidson advising her that she did not submit the signed copies of the Modification Agreement by August 17, and, therefore, the offer expired. (Doc. 9-9 at 1).

Chase commenced with foreclosure by advertisement proceedings. After providing Davidson with the proper notice under Michigan law, a sheriff's sale occurred on January 24, 2013. Chase obtained the property by placing the highest bid of $161,620.46. (Doc. 9-10 at 1). The redemption period expired on July 24, 2013. Davidson did not redeem. Instead, the day before the redemption period expired, on July 23, 2013, Davidson filed this action in state court. Chase removed to this Court on diversity grounds.

### III. LEGAL STANDARD

The summary judgment standard of review under Fed. R. Civ. P. 56 is well known and not repeated here. Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike Cnty. Bd. of Ed.*, 286 F.3d 366, 370 (6th Cir. 2002).

### IV. DISCUSSION

Davidson brings multiple claims against Chase all challenging the foreclosure proceedings. The entirety of Davidson's complaint must be dismissed because she has not met her burden under Michigan law to unwind the now-completed foreclosure proceedings.

Under Michigan law a failure to comply with the requirements of Michigan's

foreclosure by advertisement statute renders a completed foreclosure sale voidable, not void *ab initio*. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 114 (2012); *see Conlin v. MERS*, 714 F.3d 355, 361 (2013) ("Recently, in *Kim* . . ., the Michigan Supreme Court made clear that failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e., void *ab initio*) but merely voidable.") (citation omitted).

The Michigan Supreme Court's recent decision in *Kim* instructs on the necessary showing required to set aside a completed foreclosure sale. The Supreme Court in *Kim* explained that, in order to set aside a foreclosure sale, the plaintiff must show that he was "prejudiced" by a defendant's failure to comply with Michigan's foreclosure by advertisement statute. *Kim*, 493 Mich. at 115. "To demonstrate such prejudice, [the plaintiff] must show that [she] would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance with the statute." *Id.* at 116.

The concurring opinion by Justice Markman provides further guidance "concerning the nature of the 'prejudice' that [a] plaintiff[] must demonstrate in order to set aside the foreclosure;" and, in that regard, provides a nonexhaustive list of factors to be considered. *Id.* at 120–21. These include: (1) "whether [the] plaintiff[] w[as] misled into believing that no sale had been had;" (2) "whether [the] plaintiff[] act[ed] promptly after [becoming] aware of the facts on which" form the basis of the complaint; (3) "whether [the] plaintiff[] made an effort to redeem the property during the redemption period;" (4) "whether [the] plaintiff[] w[as] represented by counsel throughout the foreclosure process;" and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property." *Id.* at 121. (Markman, J. concurring) (internal quotation marks and

citations omitted).

Applying *Kim* here, Davidson cannot establish the prejudice required to set aside the foreclosure sale of the property. All of Davidson's claims are grounded in her belief that she accepted the Modification Agreement. There is no genuine issue of material fact that Davidson did not accept the agreement. Nor does Michigan law require Chase to modify Davidson's loan or provide a basis for unwinding the foreclosure.

The FedEx tracking history shows that Davidson did not send the completed signed and notarized copies of the Modification Agreement until September 25, 2012. (Doc. 15-3 at 2). Therefore, by its explicit terms, the offer to modify Davidson's loan lapsed; Davidson did not accept the offer.

Moreover, even if Chase failed to comply with Michigan's loan modification statute, there is no basis to unwind the completed foreclosure. The statute provides a borrower with an opportunity to enjoin the sale and force the foreclosure to be conducted *under the judicial foreclosure process* if the foreclosure is conducted in violation of the statute. Mich. Comp. Laws § 600.3205c(8) (emphasis added). Unless the borrower timely files a complaint seeking such relief, nothing prevents the lender from foreclosing by advertisement. *Id.* The statute does not provide a plaintiff with a cause of action to seek the reversal of a sheriff's sale that has already occurred.

Other courts in this district have examined this issue on multiple occasions, and concluded that a borrower's sole relief for an alleged violation of the loan modification statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale. *See Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *10 (E.D. Mich. Feb. 24, 2011) ("The provision allows certain borrowers to determine the *type* of

foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure.") (emphasis in original); *Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. It does not authorize the Court to set aside the foreclosure."). The Sixth Circuit recently held the same. *Block v. BAC Home Loans Servicing, L.P.*, 520 F. App'x 339 (6th Cir. 2013). Thus, even if Davidson can show that she accepted the offer–which she cannot–she cannot obtain the relief she seeks in her complaint.

In sum, the entirety of Davison's complaint fails as a matter of law because she has not made the requisite showing under Michigan law to unwind the foreclosure. Her contract and fraud claims specifically fail because the undisputed facts show that she did not accept Chase's offer to modify her loan. Davidson's equitable claims also fail as a matter of law because she no longer has an interest in the property. The letter sent from Chase was clear on what Davidson needed to do to modify her loan; she did not comply.

### V. CONCLUSION

For the reasons stated above, Chase's motion for summary judgment was granted.

SO ORDERED.

                               S/Avern Cohn
                               UNITED STATES DISTRICT JUDGE

Dated: April 3, 2014

13-13720 Davidson v. JPMorgan

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 3, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160